*1067-15*

Texas Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

"In re Eric Flores , pro se relator"

"In re The State of Texas , relator"

Vs.

Richard James "Rick" Perry , defendant

Trial Court Case No. D-1-DC-14-100139
Third Court of Appeals Case No.3-15-00063-CR
Texas Court of Criminal Appeals Case No.PD-1067-15

---

## PETITION FOR AMICUS CARIAE BRIEF IN THE PUBLIC INTEREST OF HEALTH AND SAFETY

---

(1)Table of Contents
(2)Parties of Interest
(3)Opinions Below
(4)Question Presented
(5)Constitutional Statutes
(6)Jurisdictional Statement
(7)Statement of the Case
(8)Statement of Facts
(9)Summary of Argument
(10)Argument
(11)Conclussion and Prayer

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 27 2015

Abel Acosta, Clerk

Pleaded By :
"In re Eric Flores , pro se relator"
General Delivery , 8401 Boeing Dr.,
El Paso Texas 79910

## (2)Parties of Interest

(i)Eric Flores is a party of interest whoms place of business is designated at General Delivery , 8401 Boeing Dr., El Paso Texas 79910.

(ii)Richard James "Rick" Perry is a party of interest whoms place of business is designated at 122 C St., NW, Ste. 200Washington, DC 20001.

(iii)The State of Texas is a party of interest whoms place of business is designated at State Capitol , P.O. Box 12697 Room 1E.8 Austin Texas 78701

## (3) Opinion Belows

(i) Pursuant to Texas Rules of Evidence no.402 evidence relevant to the subject matter of the case is generally admissible.

The pro se relator has filed a motion to joinder of certain offenses that were committed by the defendant in the commission of the pending criminal offenses in the lower district court.

Texas Rule of Evidence no.402 gives the pro se relator jurisdictional basis to file the motion for joinder of certain offenses

that were committed by the defendant in the commission of the pending criminal offenses in the lower district court.

## (4) Questions Presented

(i) Whether the Texas Rules of Evidence no. 402 allows , enables , or procurrs for the pro se relator to file a motion to joinder of certain offenses that the defendant committed in the commission of the pending criminal offenses in the lower district court.

(ii) Whether the defendant is a threat to the public interest of health and safety.

(iii) Whether the pro se relator , his relatives , the prosecuteing attorney , and district judge will suffer irreparable injury such as death if the appellate court does not grant the relief that is being seeked herein.

(iv) Whether the irreparable injury such as death that the pro se relator , his relatives , the prosecuteing attorney , the district judges , and other members of the public will suffer far outweighs the legal injury if any that the defendant will suffer if the appellate court grants the relief settforth herein.

(v) Whether the relief that is being seeked herein is in the public interest of health and safety.

## (5) Jurisdictional Statement

Pursuant to Texas Rules of Appellate Procedure no.11 the pro se relators establishes good cause to file this foregoing "Aminus Cariae" brief because it is of imperative importance to the public interest of health and safety since the Aminus Cariae brief is seeking relief from imminent danger such as death on behalf of the public.

This means that a large number of the population will die if the appellate court does not give consideration to the merit of this brief.

The defendant has previously shown to be violent and hostile when other officials are providing witness testimony to seek criminal prosecution against the defendant, by randomly causeing the death of members of the public until the defendants anger subsides.

This means that it is necessary for the appellate court to consider the merits of this brief.

The pro se relator hereby gives judicial notice that this case arises from the commission of a crime that was committed by the defendant against the pro se relator whom then seeked for the Travis County District Attorneys Office Public Integerty Unit to investigate and prosecute the defendant for committing a crime against the pro se relator and his immediate relatives.

The defendant then malingered and construed circumstance to where the defendant could use his public office to remove the functions of the Travis County District Attorney Public Integerty Unit to prevent the pro se relator from launching an investigation that could have resulted in criminal lawful sanctions against the defendant.

After the Travis County District Attorney Public Integerty Unit indicted Richard James "Rick" Perry for coercion of public official to obstruct justice and abuse of power , the defendant then threatened to cause the death of the pro se relator , his relatives , the prosecuteing attorney , and the district judge.

The defendant has previously carried out a death threat by causeing the death of more than three of the pro se relators relatives constituteing mass murder in the first degree.

For this reason the defendant has the substantial likelihood of carrying out his recent death threat to cause the death of the pro se relator , his relatives , prosecuteing attorney , and the district judge assigned to the case if the appellate court does not intervene to enforce the performance of a duty as clearly defined by law.

The irreparable injury such as death that the pro se relator , his relatives , the prosecuteing attorney , and the district judge will suffer far outweighgs the legal injury if any that the defendant will endure if the appellate court does grant the relief that is being seeked.

Although the pro se relator Eric Flores has entitled his petition Amicus Cariae Brief however pro se relator Eric Flores petition sounds in mandamus relief.

For this reason the pro se relator Eric Flores cites the legal basis that invokes the appellate courts jurisdiction to enforce the

performance of a duty as clearly defined by law as settforth below , in particular;

The Texas Constitution grants the Texas Court of Criminal Appeals such original jurisdiction as may be provided by law to enforce the performance of a duty as clearly defined by law in the lower court of appeals and the district courts. [Tex.Const.Art.5 ,&6].The Texas Court of Criminal Appeals has the power to issue a writ of mandamus to enforce its jurisdiction over the lower court of appeals and the lower district court to ensure the effective and expeditious administration of the business of the lower court of appeals and the district court[Tex.Gov.Code & 22.221 (a). In addition , the Texas Court of Criminal Appeals has general mandamus authority against district and county court judges that have been elected within the jurisdictional bounderies of the State of Texas. Against these judges , the Texas Court of Criminal Appeals has the authority to issue all writs of mandamus that are agreeable to the principles of law that regulate the lower court of appeals and the lower district court[Tex.Gov.Code. &22.221(b)].This provision has been

interpreted to expand the mandamus power of the Texas Court of Appeals so that it is virtuely identical to that of the lower court of appeals[see Dickens v. Ct. of App., 2nd Sup.Jud.Dist., 727 S.W.2d 542 , 548 (Tex.Crim.App.1987].

Pursuant to all subsections of Texas Rules of Appellate Procedures no.52 (for original proceedings) the relator submits this foregoing "Petition for Aminus Caraie Brief Sounding in Mandamus Relief" to invoke the jurisdiction the Texas Court of Criminal Appeals because it is necessary to " correct a clear abuse of discretion or the violation of a duty imposed by law when the lower court of appeals and the district court has given the relator no other adequate remedy at law"[CSR Ltd. V. Link, 925 S.W.2d 591 , 596 (Tex.1996)( quoting Johnson v. Fourth Court of Appeals , 700 S.W.2d 916 , 917 (Tex.1985); see also Republican Party of Texas v. Dietz , 940 S.W.2d 86, 88 (Tex.1997).

## (6) Constitutional Statutes

Dickens v. Ct. of App., 2nd Sup.Jud.Dist., 727 S.W.2d 542 , 548 (Tex.Crim.App.1987].

"CSR Ltd. V. Link, 925 S.W.2d 591 , 596 (Tex.1996)( quoting Johnson v. Fourth Court of Appeals , 700 S.W.2d 916 , 917

(Tex.1985); see also Republican Party of Texas v. Dietz , 940

S.W.2d 86, 88 (Tex.1997).

Texas Rules of Appellate Procedure no.11

Texas Constitution Article 5 & 6

Texas Government Code & 22.221(a)

Texas Government Code & 22.221(b)

Texas Rules of Appellate Procedure no.52

Texas Rules of Evdience no. 406

Texas Rule of Evidence no.405

Texas Rules of Evidence no.404

Texas Rule of Evdience no.608

Texas Rule of Evidence no.609

## (7)Statement of the Case

The circumstances of this case begin when the pro se relator first

wittnessed a corrupt police officer named Paul McDowell

employed by the El Paso Police Department Pebble Hills Regional

Command Center in El Paso Texas to include the corrupt police

officers immediate relative whom were purchaseing cocaine at the

place of the petitioners mother Cynthia Lorenza Flores place of

residence.

The defendant Richard James "Rick" Perry then misused his official capacity to influence , instruct , direct , coerce , or otherwise bribe and solicitate the corrupt police officers named Paul McDowell and his police coworkers to begin to use deadly technology to cause the petitioner and his immediate relatives severe mental or physical pain for long durations exceeding calendar days in which was equivalent in intensity to organ failure or impairment of body functions resulting in the death of more than four of the pro se relator immediate relatives constitutieng mass murder in the first degree in which was solely conspired to intimidate the petitioner and his immediate relatives such as his mother to not reveal any information regarding the police officers purchaseing cocaine at the place of the petitioners' mothers' residency..

The petitioner then went to the El Paso Police Department Internal Affairs Division to complain that a corrupt police officer named Paul McDowell and his immediate relative were purchaseing cocaine from the petitioners mother at the place of her residence.

The petitioner further complained to the El Paso Police Department Internal Affairs Divisions, that the corrupt police officer named Paul McDowell and his corrupt police supervisor by the last name of Seargent Larra from the El Paso Police Department Pebble Hills Regional Command Center were using deadly technology to cause the petitioner and his immediate relatives severe mental or physical pain for long durations exceeding calendar days in which was equivalent in intensity to organ failure or impairmnent of body functions resulting in the death of more than four of the petitioners relatives.

The defendant Richard James "Rick" Perry then further misused his official capacity to instruct , influence , direct , coerce , or otherwise bribe and solicitate the corrupt police officer named Paul McDowell and his supervisor by the last name of Seargent Lara employed by the El Paso Police Department Pebble Hills Regional Command Center to use advanced technology with a direct signal to the satelite in outerspace that has the capability of calculateing a genetic code to virtually communicate statements of intimidation such as the phrase "I'll Have You" so as to give the

indication that the corrupt police supervisor last name Larra"
would cause the death of the pro se relator and his immediate
relative as a retaliatory adversed act against the pro se relator for
complianing against the corrupt police officer named Paul
McDowell to the El Paso Police Department Internal Affairs
Division.

Thereafter the petitioner then went to the El Paso Police
Department Internal Affairs Division a second time to complain
that corrupt police officer named Seargent Larra was threatening
to cause the death of the pro se relator or his immediate relatives
as a retaliatory adversed act against the pro se relator for
complianing to the El Paso Police Department Internal Affairs
Divisions.

Four months later the defendant Richard James "Rick" Perry
further misused his official capacity to influence , instruct , direct
,coerce , or otherwise bribe and solicitate the corrupt police officer
named Paul McDowell to carry out the death threat by shooting
and killing the pro se relators' brother Javier Flores Junior and
then implanting evidence into the shooting crime scene such as a

knife so as to be able to falsely alleged that the scratch wounds that the corrupt police officer named Paul McDowell had on his face that were inflicted by his female immediate relative in another incident that had occurred prior to the shooting incident in anticipation to be able to allege that the scratch marks were the knife wounds that the pro se relators brother Javier Flores Junior inflicted on the corrupt police officers face with the knife that the police officer implanted into the shooting crime scene so as to falsely justify the corrupt police officers actions of using a weapon such as a gun to shoot and kill the pro se relators' brother Javier Flores Junior in which was solely conspired to cover up any premeditative motive that the pro se relator had established by reporting the police officers death threats to the El Paso Police Department Internal Affairs Divisions four months before the corrupt police officer named Paul McDowell had actually carried out the death threat by shooting and killing the pro se relators brother Javier Flores Junior.

The defendant Richard James "Rick" Perry further misused his official capacity to impanel specific members of a state grand jury

with the view of secureing a not guilty verdict against the police officer named Paul McDowell for shooting and killing the pro se relators brother Javier Flores Junior by intentionally and knowingly withholding evidence from the grand jury knowledge such as pro se relators compliant to the El Paso Police Department Internal Affairs Divisions against police officer Paul McDowell and supervisor last name (Larra) death threat which was made four months before police officers carried out death threat by shooting and killing the pro se relators brother Javier Flores Junior.

The corrupt police officer named Paul McDowell and his corrupt coworkers Seargent Larra further conspired to illegally incarcerate the pro se relator before shooting and killing the petitioners brother Javier Flores Junior so that the pro se relator could not be able to tell the investigative detectives at the time of that the shooting incident occurred , that the pro se relator had complained to the El Paso Police Department Internal Affairs Division that the corrupt police officer named Paul McDowell and his corrupt supervisor named Larra had threatened to kill the pro

se relator or his immediate relatives which was reported to the El Paso Police Department Internal Affairs Divisions four months before the corrupt police officer named Paul McDowell actually carried out the death threat by shooting and killing the pro se relators brother Javier Flores Junior so as to coincide with the corrupt police officers Paul McDowell conspiracy to cover up premeditated capital murder in the first degree.

The defendant Richard James "Rick" Perry further misused his official capacity to influence , instruct , direct , coerce , or otherwise bribe and solicitate the corrupt police officers named Paul McDowell and his corrupt supervisor named Larra to further conspired to send their immediate relatives to take turns sexually assualting the pro se relators mother Cynthia Lorenza Flores and hold her hostage at the place of her residence so as to prevent her from communicateing to state or federal law enforcement agencies to complain that she was being sexually assualted by the same police officers that conspired to kill her son Javier Flores Junior. The corrupt police officer named Paul McDowell and his corrupt supervisor named Larra first sent a person of mexican american

national origin by the first name of Eddie Shawl that was directly related to another corrupt law enforcement police officer, whom repeatedly sexually assaulted the petitioners mother Cynthia Lorenza Flores and held her hostage at the place of her residence so as to prevent her from complaining to state or federal law enforcement agency that she was being sexually assaulted by the same police officers that conspired to kill her eldest son Javier Flores Junior.

After the pro se relator was released from illegally incarceration the pro se relator called the 911 emergency hotline system to complian that several police officers were sending different persons portraying to have the same named Eddie Shawl to repeatedly take turns sexually assualting the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers conspired too murder.

The police department declined to prosecute the sexual assualt incident because police officers were involved in sending immediate relatives to sexually assualt the mother (Cynthia

Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers conspired too murder.

The defendant Richard James "Rick" Perry further misused his official capacity to influence , direct , coerce , intimidate , or otherwise bribe and solicitate the corrupt police officers named Paul McDowell and his corrupt supervisor named Larra to retaliate against the pro se relator for calling 911 emergency hotline to complain against the police officers that were sexually assaulting the pro se relator mother Cynthia Lorenza Flores by using advanced technology with a direct signal to the satelite in outerspace that has the capability of calculateing a genetic code to cause the petitioners mother Cynthia Lorenza Flores severe gul blatter pain for long durations exceeding calendar days in which was equivalent in intensity to impair her gul blatter functions almost leading to her death requireing medical treatment from a forensic medical professional in a freeworld hospital to keep her from dieing in which was solely conspired to intimidate the pro se relators mother to not only be prohibited from going to state or federal law enforcement agencies to report that she was being

sexually assualted by the immediate relatives of the same corrupt police officers that first conspired to kill her eldest son Javier Flores Junior , but also the corrupt police officers actions of using deadly technology to torture the pro se relators mother was to intimdate the pro se relators mother to go to the police department to state that she was not being sexually assualted so as to be able to charge the pro se relators with the criminal offense of false reporting to illegally incarcerate the pro se relator for the purpose of preventing the pro se relator from continue to communicateing to state or federal law enforcement agencies with the specific intent of preventing a judicial investigation that can result in criminal lawful sanctions against the defendant , his co conspiratoring corrupt police officers and their immediate relatives for takeing turns repeatedly sexually assualting the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers conspired to murder.

The pro se relators mother had just gotten out of the hospital as a result of being tortured almost leading to her death and feared for her life to the extent that she felt so intimidated that she complied

with the defendant and his co conspiratoring corrupt police officers demands to go to the police department to state that she was not being sexually assualted so as to prevent a criminal investigation that can result in criminal lawful sanctions against the defendant and his co conspiratoring corrupt police officers and their immediate relatives for takeing turns repeatedly sexaully assaulting the petitioners mother (Cynthia Lorenza Flores).

The defendant Richard James "Rick" Perry then further misusued his official capacity to influence , direct , coerce , instruct , or otherwise bribe and solicitate the corrupt police officers to instructed the first person of mexican american national origin by the first name of Eddie Shawl to leave the pro se relator mothers place of residence to avoid criminal charges only to be replaced by another corrupt law enforcement official such as a heavy sett , bald head , mexican sheriff deputy employed by the El Paso County Sheriff Department in El Paso Texas whom was also portraying to be named Eddie Shawl whom was assigned to the El Paso County Court House located at 500 East San Antonio Avenue El Paso Texas 79901.

The corrupt sheriff deputy repeatedly sexually assualted the pro se relator mother Cynthia Lorenza Flores and held her hostage by accompanieing her to her work place and back to her place of residence on a daily basis so as to make sure that she would not go to state or federal law enforcement agency to complain that she was being sexually assaulted by the immediate relatives of the same corrupt police officers that murder her eldest son Javier Flores Junior.

Thereafter the pro se relator then went to the El Paso County Sheriff Department Internal Affairs Division to complian against the sheriff deputy that was sexually assualting the pro se relator mother Cynthia Lorenza Flores.

As a result the defendant Richard James "Rick" Perry further misused his official capacity to influence , instrict , direct , coerce , or otherwise bribe and solicitate the corrupt police officer named Paul McDowell to instruct the sheriff deputy to leave the pro se relators mother place of residence to avoid criminal charges only to be replaced by a third person of mexican american national origin that was also portraying to be named Eddie Shawl however

the third person was actually a campus police officer from the El Paso Community College Villa Verde Campus located at 919 Hunter Dr., El Paso Texas 79927.

The corrupt campus police officer that was a person of mexican american national origin whom was also portraying to be named Eddie Shawl also repeatedly sexaully assaulted the pro se relator mother and held her hostage at the place of her residence to prevent her from communicateing to state or federal law enforcement agencies to complian that she was being sexually assualted by the same corrupt police officers that conspired to kill her son Javier Flores Junior.

By then the pro se relator had already started complaining to the El Paso County District Attorney Jaime Ezparza in El Paso Texas, that several corrupt police officers were sending their friends , coworkers , or relatives to sexaully assaulting the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers conspired to murder.

The corrupt campus police officer that was portaying to be named Eddie Shaal retaliated against the pro se relator for complaining

to the El Paso County District Attorney Jaime Ezparza by using advanced technology with a direct signal to the satelite in outerspace that has the capability of calculateing a genetic code to cause the petitioners' mother Cynthia Lorenza Flores severe heart pain for long durations exceeding calendar days in which was equivalent in intensity to cardiac and respatory failure almost leading to her death requireing medical treatment from a forensic medical professional in a freeworld hospital to keep her from dieing in which was solely conspired to intimidate the pro se relators' mother to believe that the corrupt police officers would use deadly technology to torture her to death in order to make the pro se relators mother comply with the corrupt police officers demands to divorce her husband and remarry one of the person that was takeing turns sexually assaulting her for the purpose of influenceing the justice officials to believe that because the pro se relators' mother married one of the corrupt police officers or their immediate relatives that were takeing turns sexaully assaulting the pro se relators mother therefore the pro se relators mother was not being sexaully assualted so as to prevent a criminal

investigation that can result in criminal lawful sanctions against the defendant and his co conspiratoring corrupt police officers or their immediate relatives for sexaully assaulted the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers conspired to murder.

The corrupt campus police officer then left the pro se relators' mothers' place of residence to avoid criminal charges , only to be replaced by a fourth person of mexican american national origin that was also portraying to be named Eddie Shawl whom was directly related to the detective named Julio Ordaz from the El Paso Police Department Internal Affairs Division whom first interviewed the pro se relator at the time that the pro se relator went to the El Paso Police Department Internal Affairs Division to complain against the corrupt police officers Seargent Larra making threats to cause the death of the pro se relator or his immediate relatives in which was four months before the corrupt police officer named Seargent Larras and his corrupt police coworker named Paul McDowell carried out the death threat by

shooting and killing the pro se relators brother Javier Flores Junior.

It seemed as if the police detective named Julio Ordaz from the internal affairs division decided to cover up the fact that the pro se relator had reported the corrupt police officers Seargent Larras' death threats to the internal affairs division detective named Julio Ordaz four months before the corrupt police officer named Paul McDowell had actually carried out the death threat by shooting and killing the pro se relators' brother Javier Flores Junior in which was so that the corrupt detective named Julio Ordaz could participate in sending his immediate relative to sexually assualt the pro se relators mother Cynthia Lorenza Flores.

The defendant Richard James "Rick" Perry further misused his official capacity to influence , instruct , coerce , direct , or otherwise bribe and solicitate another corrupt detective named Julio Ordaz to conspire to bribe or solicitate an attorney at law named Victor Parra to coerce , intimidate , force , or otherwise make death threats against the pro se relators mother to intimidate her to pay for the services of the attorney at law named

Victor Parra for the purpose of forceing the pro se relator mother into divorceing her husband with the specific intent of remarrying one of the four person that was takeing turns sexually assualting the pro se relators mother so as to be able to influence the justice officials to believe that because the pro se relators mother Cynthia Lorenza Flores remarried one of the persons that was takeing turns sexually assualting her therefore she was not being sexually assualted to prevent a criminal investigation that can result in criminal lawful sanctions against the defendant and his co-conspiratoring corrupt police officers or their immediate relatives for sexaully assualting the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers conspired to murder.

The divorce dispute was filed in the El Paso County 383rd Judicial District Court located at 500 East San Antonio Avenue El Paso Texas 79901 presideing family district judge Mike Herrera whom was also notified of the aforementioned circumstances but decided to proceed with the divorce anyway.

The defendant Richard James "Rick" Perry had substantive knowledge that the pro se relator would seek for the Travis County District Attorney Office Public integerty Unit to conduct an investigation into the murder of the relators brother Javier Flores Junior and the sexual assault of the relators mother which could have resulted in criminal lawful sanctions against the defendant for misuseing his official capacity to instruct corrupt police officers and their coworkers or relatives to take turns repeatedly sexually assaulting the mother Cynthia Lorenza Flores of the victum named Jaiver Flores Junior whom the corrupt police officers conspired to murder.

Therefore the defendant malingered and construed circumstances to where he could obstruct justice to prevent the Travis County District Attorney Public Integerty Unit from launching an investigation into the murder of the pro se relators brother Javier Flores Junior and sexual assault of relators mother Cynthia Lorenza Flores.

Whereby the defendant Richard James "Rick" Perry misused his official capacity to influence , instruct , direct , coerce , or

otherwise bribe and solicitate another police relative sit and wait for a particular day when the Travis County District Attorney Rosemary Lemhberg would drink on special occasions such as birthday parties , get together , annerversiaries , Christmas , and New Year in which was so that the defendants' police relative could arrest the Travis County District Attorney Rosemary Lehmberg for drunk driving and thereby malinger and construe circumstances to promote a sufficient reason to not only remove the district attorney from her official capacity to appoint another person to preside as district attorney whom would ensure that no criminal investigation would be launched into the murder of the relators brother and the sexual assault of the relators mother but also to create a good reason to veto funding to the Travis County District Attorney Public Integerty Unit for the purpose of eliminateing any public office with the jurisidictional ability to launch investigation into allegation against high profile elected official such as the defendant with the specific intent of prevent a judicial investigation that could have resulted in criminal lawful sanctions against the defendant and his co-conspiratoring corrupt

police officer relatives for murdering the relators brother Javier Flores Junior and sexually assaulting the relators mother Cynthia Lorenza Flores.

Based on these circumstances the pro se relator submitted several compliants requesting that the Travis County District Attorney Rosemary Lehmberg to enforce the law by criminally prosecuteing the corrupt police officers and their immediate relatives whom were takeing turns sexually assualting the mother (Cynthia Lorenza Flores) of the victum (Javier Flores Junior) that the corrupt police officers conspired too murdered.

However Travis County District Attorney Rosemary Lehmberg refused to enforce the law by not criminally prosecuteing the corrupt police officers or their immediate relatives for takeing turns sexually assualting the petitioners' mother (Cynthia Lorenza Flores) in which was because the defendant had veto funding to the Travis County District Attorney Public Integerty Unit for the purpose of eliminateing any public office with the jurisidictional ability to launch investigation into allegation against high profile elected official such as the defendant with the

specific intent of prevent a judicial investigation that could have resulted in criminal lawful sanctions against the defendant and his co-conspiratoring corrupt police officers for murder the relators brother Javier Flores Junior and sexually assaulting the relators mother Cynthia Lorenza Flores.

These circumstances clearly show that the defendant is obstructing justice by engageing in standard of conduct that allows , enables , or procurrs for corrupt police officers and their immediate relatives to force a victum named Cynthia Lorenza Flores that has been sexually assaulted by the corrupt police officers or their immediate relatives, to pay for the legal services of an attorney named Victor Parra for the purpose of initiateing a cause of action to divorce her husband with the specific intent of enableing the attorney at law named Victor Parra to force the victum named (Cynthia Lorenza Flores) to remarry one of the corrupt police officers or their immediate relatives that was repeatedly sexually assaulting the victum named Cynthia Lorenza Flores and holding the victum named Cynthia Lorenza Flores hostage at the place of the victums named Cynthia Lorenza Flores

residence so as to influence justice officials to believe that the victum named (Cynthia Lorenza Flores) is not being sexually assaulted because the victum named (Cynthia Lorenza Flores) has been forced to remarry one of the corrupt police officer or their immediate relatives that was sexually assaulting the victum named Cynthia Lorenza Flores as a form of obstruction of justice. In the present circumstances of the case , the Travis County District Attorney Rosemary Lehmberg has indicted the defendant Richard James "Rick" Perry for coercion of a public official and abuse of power.

The pro se relator has filed a motion to joinder of certain offenses that the defendant committed in the commission of the criminal offense settforth in the states indictment.

The defendant has appealed to the Third Court of Appeals in attempt to throw out the indictment before the anyone finds out about the circumstances of this case.

The Third Court of Appeals has refused to responed to the pro se relators petition n for aminus cariae brief.

As a result the pro se relator now appeals to the Texas Court of Criminal Appeals to seek the performance of a duty that is clearly defined by law.

## (8) Statement of Fact

Pursuant to Texas Rule of Criminal Procedure Article 21.24

(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

(b) A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense.

(c) A count is sufficient if any one of its paragraphs is sufficient. An indictment, information, or complaint is sufficient if any one of its counts is sufficient.

The pro se relator has filed a motion to joinder of certain offenses that the defendant committed in the commission of the pending criminal offenses as settforth in the States' indictment .

However the defendant may use Texas Rule of Evidence no.608 or 609 to attack the pro se relators character creditability based on relators criminal conviction which has nothing to do with this case.

However pursuant to Texas Rule of Criminal Procedure no. 408 if the relator can prove that the joinder of criminal offenses was a routine habit of the defendant , then nothing is left to decide upon the relators creditability regardless of the relators criminal history.

On those basis the relator contends that it is the defendant routine habit to misuse his official capacity to influence , direct ,coerce , instruct , or other bribe and solicitate another police relative to sit and wait for a particular elected official to drink on special occasions for the purpose of conspireing to arrest the elected official for drunk driving with the specific intent of removeing that particular elected official from public office in the commission of facilitateing a conspiracy to obstruct justice such as preventing the elected official from participateing in a criminal investigation that can result in criminal lawful sanctions against

the defendant for continuesly engageing in negligent torturious conduct while acting under the color of state law while in public office.

The relator hereby gives judicial notice of an elected official named Naomi Gonzales whom was elected state senator in the past two year whom was also victumized by the defendants routine habit of sending a police officer or relative to sit and wait for the then elected Senator Naomi Gonzales to drink on special occasion for the purpose of conspireing to arrest the elected official named Naomi Gonzales with the specific intent of removeing her from public office in the commission of facilitateing a conspiracy to obstruct justice by preventing that elected official named Naomi Gonzales from participateing in criminal investigation that could have resulted in criminal lawful sanctions against the defendant for continuesly engageing in negligent torturious conduct while acting under the color of state law in public office.

The defendant has enacted this same habit or routine against the Travis County District Attorney Rosemary Lehmberg in the commission of facilitateing a conspiracy to obstruct justice to

prevent Rosemary Lehmberg from participateing in an investigation that can result in criminal lawful sanctions against the defendant for solicitateing premeditative capital murder of Javier Flores Junior and sending different police officers or persons to sexually assault the mother (Cynthia Lorenza Flores) of the victum (Javier Flores Junior) the defendant (James Rick Perry) conspired to murder.

Because there is evidence such as other witness testimony regarding the defendants habit or routine therefore nothing is left to decide upon the relators crediablity when determineing the validity of joining certain offenses committed by the defendant against the relator and his immediate relatives.

## (9) Summary of Argument

### (A) Standard of Review for Abuse of Discretion

A clear abuse of discretion is found only when the reviewing courts actions were "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. The test is whether the reviewing court clearly "acted without reference to any guiding

rules and principles of law ," or "whether the act was arbitrary or unreasonable". In an appeal , to determine if there is an abuse of discretion , the reviewing court will review the entire record. The Texas Supreme Court interpreted the phrase "a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law ," stating that it has different applications in different cases depending upon the circumstances of each case.If the relator seeks to overrule a lower reviewing court decision based on factual issues or matters committed to the reviewing court discretion , *"the relator must show the reviewing court could have reached only one decision under the facts of law "*.A reviewing court has no discretion to determine the law or to apply the law to the facts incorrectly.If the relator's complaint is that the reviewing court incorrectly decided an issue of law , the relator must show that the reviewing agencies failed to analyze or apply the law correctly because a reviewing court erroneous interpretation of the law constitutes a clear abuse of discretion.Traditionally , a appeal is used to establish error for the purpose of compeling the performance of a ministrial act or duty.

An appeal may be granted to control the conduct of the reviewing court when the duty to do the act commanded is ministrial and nondiscretionary.An act is ministrial if the law prescribes the duty to be performed by a reviewing court with such precision and certainty that nothing is left to the exercise of discretion or judgement. An act is not ministrial if it involves the exercise of discretion or judgement in determineing whether the duty exists. An appeal is appropriate when the reviewing court or the person that is the object of the writ refused to perform an act required by law.

An appeal will issue only to "correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law". If the basis of the appeal is the performance of a legal duty , an appeal will not be granted unless the appeal shows that the relator has a clear right to the performance of the particular duty sought to be enforced.A party must be legally entitled to the requested relief.

## (9)Argument

The lower reviewing courts actions were so arbitruary and unreasonable so as to amount to a prejudicial error of law , because the reviewing court refused to allow the relator to participate in the prosecution of this case which can be constituted as aiding and abideing the defendant in the commission of a crime to obstruct justice.

The lower reviewing court acted without any reference to the guideing rules and principles of law , because the reviewing court does not allow the relator to participate in the prosecution of this criminal case which can be constituted as aiding and abideing the defendant in the commission of a crime to obstruct justice in which is based upon the fact that the reviewing court can only reach one decision under the facts of law as clearly defined by the Texas Rules of Criminal Procedure Artilce 21.24 which is to allow the relator to joinder of certain criminal offenses committed by the defendant in the commission of the pending criminal offenses as settforth in the States indictment.

This means that the lower reviewing court failed to analyzed or interpreted the facts or rule of law incorrectly by refuseing to allow the relator to participate in joining certain offenses that the defendant committed in the commission of the pending criminal offenses as settforth in the State's indictment due to the lower reviewing courts errornous interpretation of the law which can be constituted as a clear abuse of discretion.

The act that the relator seeks to compel is an act under Texas Rules of Criminal Procedure 21.24 that is ministerial because it prescribes the duty to be performed by a reviewing court with such precision and certainty that nothing is left to the exercise of discretion or judgement.

The relator has filed his motion for joinder of certain offenses committed by the defendant in the commission of the criminal offenses as settforth in the State's indictment.

However the lower district court and the lower court of appeals has refused to consider relator motion for joinder of certain

offenses because of the serious nature of the criminal case which can be constituted as an abuse of discretion.

The relator is entitled to relief sought not only because the criminal offenses settforth in the States indictment stemmed from the commission of a crime committed by the defendant against the relator but also because the relator has the constitutional right to access to the court to challenge a constitutional deprivation of life , liberty , and life committed by the defendant.

## DEFENDANTS FIRST RETALIATORY ADVERSED ACT AGAINST THE RELATOR FOR THE FILEING OF PREVIOUS AMINUS CARIAE BRIEF IN THE THIRD COURT OF APPEAL

The defendant has previously misused his official capacity as former governor for the state of texas to instruct , influence , direct , coerce , or otherwise bribe and solicitate another relative or private citizen to impersonate to be a medical professional with the specifc intent of following the relator in the course of going to a freeworld hospital to seek medical treatment for the injuries the relator sustained as a result of being tortured for the purpose of enableing , procuring , or allowing the private citizen or defendants relative whom is impersonateing to be a medical

professional to influence , direct , instruct , coerce , or otherwise bribe and solicitate another medical professional from the freeworld hospital to falsely diagnose the relator with a mental disorder so as to not only justify their actions of forcefully administering psychoactive medication such as succylnolcholine in attempt to cause an allergic reaction resulting in the relators death but also to allege that the relator legal claims of the defendants negligent torturious conduct are a result of a delusional mental disorder to prevent a judicial investigation that can result in criminal lawful sanctions against the defendant for continuesly engageing in negligent torturious conduct that has resulted in the death of more than four of the relators immediate relatives constituteing mass murder in the first degree.

## DEFENDANT JAMES RICK PERRY SECOUND PRIOR RETALIATION TO THE FILEING OF RELATORS AMINUS CARAIE BRIEF IN THE THIRD COURT OF APPEALS

The pro se relator has previously filed a petition for aminus cariae brief specifically warning the Third Court of Appeal that the defendant was causeing the death of members of the public and therefore it was necessary to enforce the performance of a duty

that was clearly defined by law by issueing a preliminary injunction specifically prohibiting the defendant from further causeing the death of another member of the public.

The lower Third Court of Appeals rejected the pro se relators claims and as a result the defendant caused the death of a whole family in Houston Texas.

The incident began after the Third Court of Appeals rendered judgement on the relators petition for aminus caraie brief in which was when the defendant instructed his law enforcement relatives named Robert Horton to arrest the relator for a crime he did not commit so as to prevent the relator from further communicateing to the court of appeals.

After the relator was released from incarceration , he then moved to another city such as Houston Texas to avoid any further retaliation by the defendants police relatives.

The defendant then further retaliated against the relator for the fileing of the aminus caraie brief by using advanced technology with a direct signal to the satellite in outerspace that has the

capability of calculateing a genetic code to profoundly disrupt the personality and senses of a person named David Conley for long durations exceeding calendar days in which was equivalent in intensity to take physical control of the person named David Conley mental state of mind so as to compel David Conley into an act of dures by a calculated procedure to use a weapon such as a gun to shoot and kill a whole family constituteing mass murder in the first degree.

The pro se relators point of view is that if the defendant has used advanced technology to hack a person to kill a whole family whats not to say that the defendant will use deadly technology to torture to death the pro se relator , or his immediate relatives such as mother Cynthia Lorenza Flores and father Javier Vensor Flores Senior , prosecuteing attorney , or district judge.

The pro se relator hereby gives judicial notice that the defendant has threatened to instruct , influence , direct , coerce , or otherwise bribe and solicitate another corrupt official such as Jeffery Atkins , Jose Rodriguez , Robert Horton , Terence Horton , Jaime Ezparza , Anthony Cobos , appellate clerk for the

U.S.Supreme Court named Higgins , or even an appellate clerk for the Texas Court of Criminal Appeals to use advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing a genetic code to cause the pro se relator , his mother , father , or other immediate relatives as named above severe mental or physical pain for long duration exceeding calendar days in which is equivalent to organ failure or impairment of body functions leading to our death as a retaliatory adversed act against the relator for fileing theis foregoing petition for aminus cariae brief.

The relators previous aminus cariae brief has preeviously warned the Third Court of Appeals of the defendants serial killing rampage and was ignored in which allowed for the defendant to continue killing members of the public such as a whole family in Houston Texas.

For this reason it is necessary to not ignore the relators legal claims for injunctive relief to protect the public interest of health and safety.

## (11) Conclussion

Wherefore Primises Considered in conformance with the prerequisites settforth under Texas Penal Code § 36.03 (a) A person commits an offense if by means of coercion he:

(1) influences or attempts to influence a public servant in a specific exercise of his official power or a specific performance of his official duty or influences or attempts to influence a public servant to violate the public servant's known legal duty; or

(2) influences or attempts to influence a voter not to vote or to vote in a particular manner.

(b) An offense under this section is a Class A misdemeanor unless the coercion is a threat to commit a felony, in which event it is a felony of the third degree.

(c) It is an exception to the application of Subsection (a)(1) of this section that the person who influences or attempts to influence the public servant is a member of the governing body of a governmental entity, and that the action that influences or attempts to influence the public servant is an official action taken by the member of the governing body. For the purposes of this

subsection, the term "official action" includes deliberations by the governing body of a governmental entity.

The statements of facts settforth in this brief clearly establish that the defendant is coerceing a public servant named Rosemary Lehmberg district attorney for the Travis County District Attorneys Office with the specific intent of facilitateing a conspiracy against the pro se relators constitutional rights in the commission of committing the criminal offense of solicitation of capital murder in the first degree and sexually assaulting an elderly the mother of the victum the defendant police relative conspired to murder.

However the lower appellate court abused its discretion by deviateing from the guideing rules and principles of law by ruleing that the defendant has a constitutional right to freedom of speech within the meaning of using a threat with the specific intent of coerceing a public official which is a crime as clearly defined by law under Texas Penal Code 36.03.

The lower appellate court further abused its discretion by using a pretext for civil rights to elude criminal prosecution for political

partisian purposes in the commission of facilitateing a conspiracy against the pro se relators constitutional rights within the meaning of covering up a crime of murder in the first degree and sexual assault of an elderly person.

Further the lower appellate court justice have accepted bribes from the defendant interest group to render a specific ruleing for political partisian purpose in the commission of facilitateing a conspiracy against the pro se relators constitutional rights within the meaning of covering up murder in the first degree and sexual assault of an elderly person in which overall constitutes a abuse of discretion in the interest of justice.

Therefore nothing is left for the court discretion but to enforce the performance of a duty that is clearly defined by law which is to criminally prosecute the defendant for coercion of a public official and abuse of power.

The pro se relator prays that the appellate court reinstate the State of Texas criminal offense of coercion of a public official and remand the case to the lower district court for trial.

## (12)Prayer

Wherefore Primsies Considered in conformance with the prerequisites seetforth herein the relator prays that the reviewing court to enforce the performance of a duty that is clearly defined under the law by ministrially compelling the trial court to consider the relator motion for joinder of certain offenses as defined by Texas Rules of Criminal Procedure 21.24.

The relator further prays that the reviewing court enter a preliminary injunction during the pendency of this appeal to protect the relator , his immediate relatives , the district judge , and the prosecuteing attorney from being the victum of the defendants intimidation , torture , coercion , death threats , and/or serial killing rampage.

The pro se relator prays that the preliminary injunction specifically state that the defendant is prohibited from using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing a genetic code to cause the pro se relator or his immediate relatives such as mother

(Cynthia Lorenza Flores) , father (Javier Flores Junior) , sister (Joann Flores) , brothers (Andy Flores , Micheal Rene Flores , Steven Flores) , aunts (Yvonne Chavez , Martha Mendoza , Sandra Mendoza , , cousin (Christy Salas , Ricky Salas) , uncle (Moise Mendoza , Peter Mendoza , Ricky Salas Sr., Tony Medriano , Juan Flores , Arturo Flores , Chava Flores ) , and Grandmother (Celia Flores) severe mental or physical pain for long durations exceeding calendar days in which was equivalent in intensity to organ failure or impairment of body functions leading to our death in retaliation to the invocation of the relators constitutional rights to file nonfrivolous legal claims challengeing a constitutional deprivation of life , liberty , and property committed by the defendant and his police relatives.

The pro se relator prays that the preliminary injunction further specifically state that the defendant is prohibited from influenceing , directing , coerceing , instructing , or otherwise bribeing and solicitateing another corrupt law enforcement official or immediate relative to use advanced technology with a direct signal to the satellite in outerspace that has the capability of

calculateing a genetic code to cause the pro se relator or his immediate relatives such as mother (Cynthia Lorenza Flores , father (Javier Flores Junior) , sister (Joann Flores) , brothers (Andy Flores , Micheal Rene Flores , Steven Flores) , aunts (Yvonne Chavez , Martha Mendoza , Sandra Mendoza , , cousin (Christy Salas , Ricky Salas) , uncle (Moise Mendoza , Peter Mendoza , Ricky Salas Sr., Tony Medriano , Juan Flores , Arturo Flores , Chava Flores ) , and Grandmother (Celia Flores) severe mental or physical pain for long durations exceeding calendar days in which was equivalent in intensity to organ failure or impairment of body functions leading to our death in retaliation to the invocation of the relators constitutional rights to file nonfrivolous legal claims challengeing a constitutional deprivation of life , liberty , and property committed by the defendant and his police relatives.

The relator further prays that the appellate court to enter a preliminary injunction specifically stating that the defendant be prohibited from misuseing his official capacity as former governor for the state of texas to instruct , influence , direct , coerce , or

otherwise bribe and solicitate another relative or private citizen to impersonate to be a medical professional with the specifc intent of following the relator in the course of going to a freeworld hospital to seek medical treatment for the injuries the relator sustained as a result of being tortured for the purpose of enableing , procuring , or allowing the private citizen or defendants relative whom is impersonateing to be a medical professional to influence , direct , instruct , coerce , or otherwise bribe and solicitate another medical professional from the freeworld hospital to falsely diagnose the relator with a mental disorder so as to not only justify their actions of forcefully administering psychoactive medication such as succylnolcholine in attempt to cause an allergic reaction resulting in the relators death but also to allege that the relator legal claims of the defendants negligent torturious conduct are a result of a delusional mental disorder to prevent a judicial investigation that can result in criminal lawful sanctions against the defendant for continuesly engageing in negligent torturious conduct that has resulted in the death of more than four of the

relators immediate relatives constituteing mass murder in the first degree.

The relator further prays that the appellate court to entr an order specifically instructing the lower district court to consider the merits of the relators motion for joinder of certain offense in the interest of serveing justice for those victums that have died as a result of the defendants negligent torturious conduct constituteing mass murder in the first degree.

The relator prays for general relief as clearly defined by law.

Respectfully Submitted ,

Eric Flores , pro se relator

501 East 8th Street Austin Texas 78701

Pursuant to Penalty of Perjury (28 U.S.C. & 1746) the relator hereby states , declares , and certifies that the foregoing brief is true and correct.

# CERTIFICATE OF SERVICE

Pursuant to Penalty of Perjury (28 U.S.C. & 1746) the relator

hereby states, declares , and certifies that true and correct copies

of this foregoing brief was sent to the following parties of interest

settforth below , in particular ;

(i)Eric Flores is a party of interest whoms place of business is
designated at General Delivery , 8401 Boeing Dr., El Paso Texas
79910.

(ii)Richard James "Rick" Perry is a party of interest whoms place
of business is designated at 122 C St., NW, Ste. 200Washington,
DC 20001.

(iii)The State of Texas is a party of interest whoms place of
business is designated at State Capitol , P.O. Box 12697 Room
1E.8 Austin Texas 78701

Texas Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

"In re Eric Flores , pro se relator"

"In re The State of Texas , relator"

Vs.

Richard James "Rick" Perry , defendant

Trial Court Case No. D-1-DC-14-100139
Third Court of Appeals Case No.3-15-00063-CR
Texas Court of Criminal Appeals Case No.PD-1067-15

---

## MOTION FOR PROTECTIVE ORDER

---

Pursuant to the Health and Safety Code for the State of Texas the pro se relator commissions the Texas Court of Criminal Appeals in the Public interest of health and safety to enter a protective order prohibiting the defendant from further using deadly technology to torture to death the pro se relator , his immediate relatives , the prosecute attorney , and his immediate relatives as a retaliatory adversed act against the States intent to prosecute the defendant for abuse of power and coercion of public official.

In support thereof the pro se relator states the following grounds for relief, in particular ;

## DISCRIPTION OF TORTURE TO BE PROHIBITED

(1)The pro se relator prays that the protective order specifically state that the defendant be prohibited from further misuseing his previous official capacity as governor for the state of Texas to influence , instruct , direct , coerce , or otherwise bribe and solicitate another corrupt official such as Clara Hernandez , Joann Bernal , Paul McDowell (EPPD) , Seargent Larra (EPPD) , Jaime Ezparza , Anthony Cobos , Jose Rodriguez , Kathleen Anderson , Manuel Fuentes , Rosemary Lehmberg , Mike Herrera , Ann Crawford McClure , Gerald Hildebrand , Daina Natalicio , Ryan Holmes , Gary Edens , David Fonseca , Jimmy McClane , Leo Samaniego , R. Car Richard Rhodes Jose Flores , Richard Wiles , Guadalupe Rivera , Yvonne Rodriguez , Mary Ann Brambelt , Patrick Garcia , Frank Montalvo , former appellate justice last name Carr (Eighth District Court of Appeals) , David Briones , Kathleen Cardone , Micheal McDonald , Philipe Martinez , David Guaderama , R.E. Thompson , and many others to use advanced

technology with a direct signal to the satellite in outerspace that has the capability of calculateing a genetic code to cause the pro se relator , his immediate relatives , prosecuteing attorney , and the district judge severe mental or physical pain in which is equivalent in intensity to organ failure or impairmewnt of body fucntions leading to our death in retaliation against us for instituteing the invopcation of our constitutional right to criminally prosecute the defendant for abuse of power and coercion of public official.

(2)Further , the relator request that the protective order specifically states that the defendant be prohibited from further misuseing his previous official capacity as governor for the state of Texas to use advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing a genetic code to cause the pro se relator , his immediate relatives , prosecuteing attorney , and the district judge severe mental or physical pain in which is equivalent in intensity to organ failure or impairmewnt of body fucntions leading to our death in retaliation against us for instituteing the invopcation of our

constitutional right to criminally prosecute the defendant for abuse of power and coercion of public official.

(3)The relator request that the protective order specifically states that the defendant be prohibited from misuseing his official capacity as governor for the state of texas to influence , instruct , direct , coerce , or otherwise bribe and solicitate another police relative or private person to follow the relator , his immediate relatives , the prosecuteing attorney , or the district judge in the course of their daily business to instigate a physical altercation with them for the purpose malingering or construeing false probable cause so as to falsely justify the persons actions of using a weapon such as a gun to shoot and kill the relator , his immediate relatives , the prosecuteing attorney , or the district judge as a retaliatory adversed act against us for instituteing the invocation of our constitutional rights to criminally prosecute the defendant for the criminal offenses as settforth in the State's indictment.

(4) The relator request that the protective order specifically state that the defendant be prohibited from further miuseing his official

capacity as former governor for the state of texas to instruct , influence , direct , coerce , or otherwise bribe and solicitate another relative or private citizen to impersonate to be a medical professional with the specifc intent of following the relator in the course of going to a freeworld hospital to seek medical treatment for the injuries the relator sustained as a result of being tortured for the purpose of enableing , procuring , or allowing the private citizen or defendants relative whom is impersonateing to be a medical professional to influence , direct , instruct , coerce , or otherwise bribe and solicitate another medical professional from the freeworld hospital to falsely diagnose the relator with a mental disorder so as to not only justify their actions of forcefully administering psychoactive medication such as succylnolcholine in attempt to cause an allergic reaction resulting in the relators death but also to allege that the relator legal claims of the defendants negligent torturious conduct are a result of a delusional mental disorder to prevent a judicial investigation that can result in criminal lawful sanctions against the defendant for continuesly engageing in negligent torturious conduct that has

resulted in the death of more than four of the relators immediate relatives constituteing mass murder in the first degree.

## CONCLUSSION AND PRAYER

Wherefore Primises Considered in conformance with the prerequisites settforth herein the relator prays that the appellate court enter a preliminary injunction that specifically states each of the number prerequisites settforth above in the public interest of health and safety includeing the parties named herein.

The relator prays for general relief.

Respectfully Submitted,

Eric Flores, pro se relator

501 East 8th Street Austin Texas 78701

Pursuant to Penalty of Perjury (28 U.S.C. & 1746) the relator hereby states , declares , and certifies that the foregoing brief is true and correct.

# CERTIFICATE OF SERVICE

Pursuant to Penalty of Perjury (28 U.S.C. & 1746) the relator hereby states, declares, and certifies that true and correct copies of this foregoing brief was sent to the following parties of interest settforth below, in particular;

(i)Eric Flores is a party of interest whoms place of business is designated at General Delivery, 8401 Boeing Dr., El Paso Texas 79910.

(ii)Richard James "Rick" Perry is a party of interest whoms place of business is designated at 122 C St., NW, Ste. 200Washington, DC 20001.

(iii)The State of Texas is a party of interest whoms place of business is designated at State Capitol, P.O. Box 12697 Room 1E.8 Austin Texas 78701